UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 18-15499-BKC-AJC |
| WORLD GLOBAL FINANCING, INC., | Chapter 7 |
|     Debtor. | |
| _____/ | |
| ROSS. R. HARTOG, AS THE CHAPTER 7 TRUSTEE, | |
|     Plaintiff, | Adv. Pro. No.: _____ |
| v. | |
| THAMES CAPITAL SOLUTIONS, LLC, | |
|     Defendant. | |
| _____/ | |

## COMPLAINT

Plaintiff, Ross R. Hartog, as the Chapter 7 trustee of the bankruptcy estate of World Global Financing, Inc., by and through undersigned counsel, sues Thames Capital Solutions, LLC, and alleges:

### JURISDICTION AND VENUE

1. This is an adversary proceeding governed by Federal Rules of Bankruptcy Procedure 7001, *et seq.*, seeking the avoidance of fraudulent transfers pursuant to 11 U.S.C. § 544, and Chapter 726 of the Florida Statutes, and the recovery of such avoided transfers pursuant to 11 U.S.C. § 550 and Florida Statues §§ 726.108 and 726.109.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding which the Court is authorized to hear, determine and enter final orders in accordance with 28 U.S.C. §157(b)(1), (b)(2)(A), (H), and (O).

4. The Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court in accordance with Fed.R.Bankr. P. 7008(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises in or relates to the main bankruptcy case of the Debtor pending in this district.

## THE PARTIES

6. Plaintiff Ross R. Hartog, is the duly appointed Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the bankruptcy estate (the "Estate") of the Debtor, World Global Financing, Inc. (the "Debtor"), assigned Case No.: 18-15499-BKC-AJC (the "Main Case"), and brings this action solely in that capacity.

7. Defendant, Thames Capital Solutions, LLC ("Thames" or the "Defendant"), is, upon information and belief, a New Jersey limited liability company that conducted transactions at issue in this Complaint with the Debtor in this District.

## FACTUAL BACKGROUND

**A.    The Debtor's Business**

8. The Debtor and its affiliates were in the business of originating and servicing merchant cash advances (each an "MCA").

9. MCAs allow merchants to sell their interest in future receivables in exchange for cash.

10. Eaglewood SPV I LP ("Eaglewood") was one of the Debtor's largest investors/customers for its MCA business, investing millions of dollars with the Debtor to fund MCAs that the Debtor and its affiliates originated and then serviced.

B.  **Bankruptcy Case**

11.   On May 8, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Title 11, Chapter 11, of the United States Code (the "Bankruptcy Code"), which commenced the underlying bankruptcy case (the "Main Case").

12.   On August 3, 2018, the Court entered its *Agreed Order (I) Granting Amended Motion of Eaglewood SPV I LP for an Order Appointing Chapter 11 Trustee or Examiner and (II) Converting Chapter 11 Case to a Case Under Chapter 7* [Main Case, ECF No. 107].

13.   On August 6, 2018, the Plaintiff was appointed Chapter 7 Trustee pursuant to 11 U.S.C. § 701. *See* Main Case, ECF No. 109.

C.  **Transfer from Debtor to Defendant**

14.   Between May 8, 2014 and the Petition Date, the Debtor transferred $5,401,230.33 to the Defendant (the "Transfers"). A complete list of the Transfers is attached as **Exhibit 1** and incorporated herein.

15.   The Debtor's records do not indicate that the Transfers were related to the Debtor's business.

16.   The Debtor's records do not indicate that the Defendant provided the Debtor with reasonably equivalent value in exchange for the Transfers and, upon information and belief, no reasonably equivalent value was given to the Debtor by the Defendant in exchange for the Transfers.

17.   Upon information and belief, at all times material hereto, the Debtor was insolvent.

18.   Upon information and belief, at all times material hereto, the Debtor was not generally paying its debts as they became due, and the Debtor's liabilities exceeded its assets.

19.   All conditions precedent to bringing this action have been performed, have occurred or have been waived.

# COUNT I
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b)(1) AND FLA. STAT. § 726.105(1)(b)

20. Plaintiff realleges each and every allegation set forth in paragraphs 1-19 of this Complaint as if fully set forth herein.

21. Within four years of the Petition Date, the Debtor made the Transfers to the Defendant.

22. The Transfers constitute transfers of interests of the Debtor's, and now, Plaintiff's property.

23. The Debtor made the Transfers to the Defendant without the Debtor receiving reasonably equivalent value in exchange therefor, and at a time when the Debtor: (a) was engaged in, or about to engage in a transaction for which its remaining assets were unreasonably small in relation to the transaction; or (b) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

24. The Debtor made the Transfers during a time period in which it was insolvent.

25. The Debtor had at least one creditor who could have avoided the Transfers on the Petition Date.

26. As a result of the Transfers, the Defendant received $5,401,230.33.

**WHEREFORE**, Plaintiff, Ross R. Hartog, as Chapter 7 Trustee, respectfully requests this Honorable Court enter judgment on his behalf and against Defendant, as follows:

    a. determining that the Transfers constitute fraudulent transfers pursuant to Section 726.105(1)(b) of the Florida Statutes;

    b. ordering that the Transfers be avoided;

    c. awarding costs of suit; and

    d. granting such other and further relief as this Court deems just and equitable.

## COUNT II
## RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
## 11 U.S.C. § 550(a)(1) AND FLA. STAT. §§ 726.108 AND 726.109

27. Plaintiff realleges each and every allegation set forth in paragraphs 1-26 of this Complaint as if fully set forth herein.

28. The Defendant was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made.

29. The Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes and, as a result, the Transfers are recoverable by Plaintiff against Defendant pursuant to Section 550(a)(1) of the Bankruptcy Code and Sections 726.108 and 726.109 of the Florida Statutes.

**WHEREFORE**, Plaintiff, Ross R. Hartog, as Chapter 7 Trustee, respectfully requests this Honorable Court enter judgment on his behalf and against Defendant, as follows:

   a. declaring Defendant the initial transferee of the Transfers or the entity for whose benefit the Transfers were made;

   b. awarding damages in the total amount of the value of the Transfers, plus pre-judgment interest, in favor of Plaintiff and directing Defendant to turn over the Transfers pursuant to Section 550(a)(1) of the Bankruptcy Code and Sections 726.108 and 726.109 of the Florida Statutes;

   c. awarding costs of suit; and

   d. granting such other and further relief as this Court deems just and equitable.

## COUNT III
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b)(1) AND FLA. STAT. § 726.106(1)

30. Plaintiff realleges each and every allegation set forth in paragraphs 1-19 of this Complaint as if fully set forth herein.

31. Within four years of the Petition Date, the Debtor made the Transfers to the Defendant.

32. The Transfers constitute transfers of interests of the Debtor's, and now, Plaintiff's property.

33. The Debtor made the Transfers to the Defendant without the Debtor receiving reasonably equivalent value in exchange therefor, and: (a) at a time when the Debtor was insolvent; or (b) the Debtor became insolvent as a result of the Transfers.

34. The Debtor had at least one creditor who could have avoided the Transfers on the Petition Date.

35. As a result of the Transfers, the Defendant received $5,401,230.33.

**WHEREFORE**, Plaintiff, Ross R. Hartog, as Chapter 7 Trustee, respectfully requests this Honorable Court enter judgment on his behalf and against Defendant, as follows:

    a.    determining that the Transfers constitute fraudulent transfers pursuant to Section 726.106(1) of the Florida Statutes;

    b.    ordering that the Transfers be avoided;

    c.    awarding costs of suit; and

    d.    granting such other and further relief as this Court deems just and equitable.

**COUNT IV**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**11 U.S.C. § 550(a)(1) AND FLA. STAT. §§ 726.108 AND 726.109**

36. Plaintiff realleges each and every allegation set forth in paragraphs 1-19 and 30-35 of this Complaint as if fully set forth herein.

37. The Defendant was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made.

38. The Transfers are avoidable by Plaintiff pursuant to Section 726.106(1) of the Florida Statutes and, as a result, the Transfers are recoverable by Plaintiff against Defendant

pursuant to Section 550(a)(1) of the Bankruptcy Code and Sections 726.108 and 726.109 of the Florida Statutes.

39. All conditions precedent to bringing this action have been performed, have occurred, or have been waived.

**WHEREFORE**, Plaintiff, Ross R. Hartog, as Chapter 7 Trustee, respectfully requests this Honorable Court enter judgment on his behalf and against Defendant, as follows:

a. declaring Defendant, the initial transferee of the Transfers or the entity for whose benefit the Transfers were made;

b. awarding damages in the total amount of the value of the Transfers, plus pre-judgment interest, in favor of Plaintiff and directing Defendant to turn over the Transfers pursuant to Section 550(a)(1) of the Bankruptcy Code and Sections 726.108 and 726.109 of the Florida Statutes;

c. awarding costs of suit; and

d. granting such other and further relief as this Court deems just and equitable.

Dated May 7, 2020.

Respectfully submitted,
**MARKOWITZ RINGEL TRUSTY & HARTOG, P.A.**
*Counsel for the Plaintiff*
9130 S. Dadeland Blvd., Suite 1800
Miami, Florida 33156
Telephone: (305) 670-5000
Facsimile: (305) 670-5011

By: *s/ John H. Lee*
ADRIAN C. DELANCY
Fla. Bar No.: 75337
adelancy@mrthlaw.com
JOHN H. LEE
Fla. Bar No.: 91795
jlee@mrthlaw.com
ALAN R. ROSENBERG
Fla. Bar No.: 92004
arosenberg@mrthlaw.com